

FILED
JUL 27 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.M.M., *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JEFFERSON BEAUREGARD SESSIONS III, Attorney General of the United States, *et al.*,<br><br>　　　　　　Defendants. | **Case: 1:18-cv-01759**<br>**Assigned To : Friedman, Paul L.**<br>**Assign. Date : 7/27/2018**<br>**Description: TRO/PI**<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

The plaintiffs in this action, six minors who are recent migrants seeking asylum in the United States and are bringing this action through their parents and next friends, have moved to proceed using pseudonyms, Pls.' Mot. Leave to File Under Pseudonym ("Pls.' Mot.") at 1–2, in their instant challenge to the government's policy to forcibly and indefinitely separate immigrant parents from their young children, *see* Compl. ¶ 10, ECF No. 1. For the reasons set forth below, the Court will grant the plaintiffs' motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

**I.　BACKGROUND**

The plaintiffs are minors seeking asylum in the United States who seek to invalidate and enjoin the government's policy of removing families from the country before granting the plaintiffs access to asylum procedures. Compl. ¶ 6. Each plaintiff is "in imminent danger of being deported back to life-threatening conditions in their home countries, without any final

---

[1]　Under Local Civil Rule 40.7(g), "the Chief Judge shall . . . hear and determine . . . motions to file a pseudonymous complaint." LCvR 40.7(g).

order of removal and without ever having been given the chance to access asylum procedures." *Id.* ¶ 1.

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties;"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party" and [f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The public's interest "in knowing the names of [] litigants" is critical because "disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). Nevertheless, courts have, in special circumstances, permitted a party "to proceed anonymously" when a court determines "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (RMC).

In the past, when balancing these two general factors, two different but analogous tests have been applied in this circuit. The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), No. 15-1177 (RDM), 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015). In other cases, a "five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest" has been applied. *Eley v. District of Columbia*, No. 16-806 (GMH), 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016). These factors, drawn from *Chao*, include the following:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, Misc. No. 15-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015); *see also Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (TSC); *Doe v. U.S. Dep't of State*, Civil No. 15-01971 (RWR), 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (RBW); *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) (JDB); *Doe v. Von Eschenbach*, No. 06-2131 (RMC), 2007 WL 1848013, at *2 (D.D.C. June 27, 2007).

The *Chao* and *Hubbard* factors weigh the same two general concerns. *Doe Co. No. 1 v. CFPB* ("*Doe II*"), 195 F. Supp. 3d 9, 15–16 (D.D.C. 2016) (RDM). Specifically, these concerns are: (1) the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320–21; and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2. Thus, in *Doe II*, the Court determined that

3

> the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether the non-speculative privacy interest that the movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants."

*Doe II*, 195 F. Supp. 3d at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court should exercise its discretion to permit an exception from Federal Rule of Civil Procedure 10(a). The Circuit has acknowledged the district court's discretion "to grant the 'rare dispensation' of anonymity" to litigating parties under certain limited circumstances, provided the court has "'inquire[d] into the circumstances of particular cases to determine whether the dispensation is warranted.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In exercising this discretion, the D.C. Circuit has required the court to "take into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1464 (internal citations and quotations omitted).

Thus, whichever test applies, the same general balancing inquiry is at issue: "whether the non-speculative privacy interest that the movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants." *Doe II*, 195 F. Supp. 3d at 17; *see also Chao*, 587 F. Supp. 2d at 99 (assessing whether "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant").

### III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that the plaintiffs have met their burden of showing that their privacy interests outweigh the public's presumptive and

substantial interest in knowing the details of judicial litigation. The public's interest in the litigants' identity is *de minimis* compared to the significant risk of deadly violence to which public identification might expose the plaintiffs and their families.

In this case, the plaintiffs aver that "[r]evealing their identities could subject them to und[ue] danger here and if they were to return to their home countries." Pls.' Mot. at 1. Given the plaintiffs' status as minors, they are "especially vulnerable, and require confidentiality of identity to protect them from further trauma and humiliation." *Id.* The complaint describes the threats of violence these children face in their home countries: one child "bears scars from a previous knife attack," Compl. ¶ 68; another's father is "physically and emotionally abusive and threatened to kill her," *id.* ¶ 83; another child endured bullets shot at his house and a bomb thrown at his house, *id.* ¶ 100; and still others received "threats of violence and mortal danger" from local gangs, *id.* ¶¶ 68, 75, 82, 101.

As to the non-moving parties' interests, allowing the plaintiffs to proceed under pseudonyms will have no impact on any private rights, as the only defendants are government agencies and officers. The plaintiffs' identities, moreover, are already known to defendants in connection with their asylum applications and detentions. Allowing the plaintiffs to proceed pseudonymously thus will not compromise the defendants' ability to defend this action and thus poses little "risk of unfairness to the opposing party." *Chao*, 587 F. Supp. at 99. Finally, any public interest in disclosing the identities of the plaintiffs and their children is significantly outweighed by the deadly threat such disclosure would entail.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiffs' significant interest in maintaining their anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings. *See*

*Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner,* 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to File under Pseudonym is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the pseudonyms "M.M.M.," "I.A.T.," "N.B.," "P.A.P.," "G.C.H.," and "L.C.O." for the plaintiffs; "J.M.A." for M.M.M.'s child, "E.A.H." for I.A.T.'s child, "D.B.G." for N.B.'s child, "G.M.A." for P.A.P.'s child, "A.M.C." for G.C.H.'s child, and "L.A.A." for L.C.O.'s child; and it is further **ORDERED** that the list of the full names of the plaintiffs and their children shall remain under seal until further order of the Court.

**SO ORDERED.**

Date: July 27, 2018.

BERYL A. HOWELL
Chief Judge