MICHAEL M. MADDIGAN (SBN 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727
Facsimile:  (310) 785-4601
Email: michael.maddigan@hoganlovells.com

Attorney for Petitioners-Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO DIVISION

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al., <br><br> Plaintiff, <br><br> v. <br><br> Jefferson Beauregard Sessions, III, Attorney General of the United States, et al., <br><br> Defendant. | Case No. 3:18-cv-1832-DMS <br><br> Honorable Dana M. Sabraw <br><br> **EXHIBIT A TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> DATE:   August 8, 2018 <br> TIME:    1:00 p.m. <br> COURTROOM:  13A |

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al.,<br><br>Plaintiff,<br><br>v.<br><br>Jefferson Beauregard Sessions, III, Attorney General of the United States, et al.,<br><br>Defendant. | Case No. 3:18-cv-1832-DMS |

**DECLARATION OF SHALYN FLUHARTY IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' <u>MOTION FOR TEMPORARY RESTRAINING ORDER</u>**

I, Shalyn Fluharty, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney and have been licensed and admitted in the State of California since 2010. I have worked in non-profit organizations in California, Chicago, New York and Texas providing services to detained unaccompanied children. For nearly two years, I have served as the Managing Attorney of the Dilley Pro Bono Project, where I provide legal services to families who are detained in Dilley, Texas in collaboration with a national volunteer network and seven full-time staff who I supervise. In this capacity, I serve as the primary point of contact between the Dilley Pro Bono Project and agencies within the Department of Homeland Security, including the Asylum Office.

1

2. I have represented thousands of asylum-seeking families who are detained in Dilley, Texas at the South Texas Family Residential Center throughout the course of their credible fear proceeding, including four of the named Plaintiffs in this action: D.B.G., A.M.C., L.A.A., and G.M.A. Through this representation I have closely monitored and observed practices and policies of the asylum office as they relate to parents and children who entered the United States together, as a family unit.

3. Frequently, a child and mother who enter the United States together and appear before an asylum officer receive inconsistent credible fear determinations. For example, a child may obtain a positive credible fear finding based upon past persecution suffered on account of their membership in a particular social group comprised of "immediate family members" of their mother. In this common fact pattern, the child has been threatened with death or subjected to serious harm because of their relationship to their mother, with whom the persecutor has animus. The mother however, may have been targeted with persecution on account of a reason other than their race, religion, nationality, political opinion, or membership in a particular social group. As a result, the asylum office may issue a positive credible fear finding to the child, and a negative credible fear finding to the child's mother.

4. When the asylum office issues a split decision in credible fear proceedings for a parent and child who entered the United States simultaneously, it has a longstanding policy of issuing a "family unity" Notice to Appear ("NTA"), placing both parent and child in proceedings under Section 240 of the Immigration and Nationality Act. I know this because the mothers I represent who are issued "family unity" NTAs are served with a document titled "Memo to File." In these cases, the memorandum states that the asylum office has placed the mother into 240

proceedings "in the interest of family unity," notwithstanding the mother's negative credible fear finding.

5. Based upon this experience and personal knowledge, I can attest that the Asylum Office has followed a policy of placing both parents and children in Section 240 proceedings when the child has received a positive credible fear finding.

6. However, I believe the government is following a different policy with respect to families that were separated under the government's separation policy and who were subsequently reunited. As indicated in my declaration attached to Plaintiffs' Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction filed in *M.M.M. v. Sessions*, 1:18-cv-1759-PLF (D.D.C.), ECF No. 6-8, the four Plaintiffs that I represent in this matter were separated and have not been given access to the credible fear process at all since being reunited with their parents. Indeed, based on my knowledge and experience, no reunified children are being given access to the credible fear process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, based on my personal knowledge.

Executed in Dilley, Texas on August 7, 2018.

_____

3