# NOTICE OF PROPOSED SETTLEMENT and SETTLEMENT ELECTION FORM

**If you were separated from your parent(s) or child(ren) at the border, your rights may be affected by a proposed class action settlement.**

A proposed settlement has been reached in class action lawsuits regarding the mechanism by which certain separated parents and children may pursue asylum or other protection in the United States. The lawsuits are *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS (S.D. Cal.), *M.M.M. v. Sessions*, Case No. 1:18-cv-1835-PLF (D.D.C.), *Ms. L. v. ICE*, Case No. 3:18-cv-428-DMS (S.D. Cal.), and *Dora v. Sessions*, Case No. 18-cv-1938 (D.D.C.).

## What are these lawsuits about?

These lawsuits were brought on behalf of parents and children who were separated after being apprehended by the U.S. government at or near the border. The plaintiffs allege that the U.S. government failed to give these parents and children an adequate opportunity to pursue asylum or other protection from removal in the United States. The Judge overseeing the lawsuits temporarily stopped removals of families that were reunited after being separated at the border. The plaintiffs and the U.S. government subsequently agreed to a settlement, which will grant both parents and children access to procedures to seek asylum or other protection from removal in the United States.

## Who is included?

**A parent may be a member of the Parent Settlement Class if he or she:**
- Is an adult alien parent who entered the United States at or between designated ports of entry with their child(ren),
- Was detained in immigration custody by the Department of Homeland Security (DHS),
- Has a child who was or is separated from him or her and who was in DHS custody, Office of Refugee Resettlement (ORR) custody, or ORR foster care on or after June 26, 2018,
- Was ordered to be reunified under the Court's Order in *Ms. L. v. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018); and
- Has been continuously physically present in the United States since June 26, 2018.

**The agreement also reflects the parties' agreement with regard to individuals who fit the parent class description as defined above, but have been removed from the United States, as well as the rights of members of the children class (defined below) whose parents have been removed.**

1

**A child may be a member of the Child Settlement Class if he or she:**
- Is an alien child under the age of 18 as of the effective date of the agreement, who entered the United States at or between designated ports of entry with an alien parent,
- Was separated from their parent(s),
- Has been or will be reunified with their parent(s) under the preliminary injunction issued in *Ms. L. v. U.S. Immigration and Customs Enforcement*, No. 18-428 (S.D. Cal. June 26, 2018), and
- Has been continuously physically present in the United States since June 26, 2018.

### What relief does the settlement provide?

Among other things, the Settlement Agreement requires that, for parents who initially received a negative credible fear finding and have a final order of expedited removal, the U.S. government will conduct a good faith review of parents' prior credible fear findings,[1] which includes meeting with an asylum officer to present additional information. For the children of such parents who have been issued a Notice to Appear (NTA) or are in removal proceedings, the NTA will be cancelled or the government will move to dismiss the removal proceedings, and the child will be placed into expedited removal along with the parent.  The child will also be referred for a credible fear interview if the child expresses a fear of return.  If the parent if found to have a credible fear, then both parents and children will be issued a NTA to appear before an immigration judge, where they will be able to pursue asylum or other protection claims before the immigration court. If parents do not receive a positive credible fear finding on review, then the U.S. government will provide their children with their own credible fear interview. If children receive a positive credible fear finding, they and their parents will be issued a NTA to appear before an immigration judge, where they will be able to pursue asylum or other protection claims before the immigration court. Additional or other procedures apply where parents and children have been released from detention, where parents are subject to reinstated or final orders of removal, or where parents already have been removed. The Settlement Agreement does not provide any monetary payments to class members.  Parents and children who fall into these categories should read the final Settlement Agreement and/or consult with counsel to understand what rights they may have under the Agreement.  If the Settlement Agreement is approved, class members will be prohibited from seeking any additional immigration- or asylum-related injunctive, declaratory, or equitable relief related to allegations made in these lawsuits. All of the terms of the proposed Settlement are subject to Court approval at a "Final Approval Hearing" which is explained below. A copy of the Settlement Agreement is attached to this notice.

---

[1] "Credible fear" refers to the process by which those individual subject to expedited removal may seek asylum in the United States, in which an alien in expedited removal who has a fear of returning home is interviewed by a U.S. government asylum officer to determine whether they can establish a credible fear of persecution or torture if they are returned to their home country. If the alien receives a positive credible fear determination, he or she can file an application for asylum before the immigration court.

**You have the right to waive relief under the settlement.**

Parents or children who wish to waive their rights under this Settlement Agreement and be promptly removed to their country of origin, have the right to do so by executing the below form. Any decision to return to your country of origin must be made affirmatively, knowingly, and voluntarily. Failure to return this form will not be construed as a waiver of your rights under the Settlement Agreement.

**Instructions:** This form must be read to the class member in a language that he/she understands. The class member must indicate which option he/she is choosing by signing the appropriate box below. If the class member is a child and lacks capacity or is under age 14, this form must be signed by the child's parent or legal representative. Separate forms must be completed for each family member. ***Completed forms must be mailed or emailed to counsel for the appropriate proposed class set forth below.***

> **I request to remain in the United States to seek relief from removal.** I understand that the class action settlement does not guarantee that I will receive relief from removal.
> **Name (printed):** _____
> **Signature:** _____

> **I am affirmatively, knowingly, and voluntarily requesting removal to my country of origin as soon as possible.** I understand that I am waiving any rights to remain in the United States to pursue the procedures set forth in the settlement, including any right to apply for asylum or other protection from removal.
> **Name (printed):** _____
> **Signature:** _____

**Your Information:**
    Name: _____
    Date of Birth: _____
    A#: _____
    Country of citizenship: _____
    Detention facility (if applicable): _____
    Address: _____
    Telephone number: _____

    Parent(s)/child(ren) name(s): _____
    Parent(s)/child(ren) A#(s): _____
    Parent(s)/child(ren) address: _____
    Parent(s)/child(ren) telephone number: _____

**Attorney Certification:** I represent _____ (name) in his/her immigration proceedings. I have advised him/her (and/or his/her parent or legal representative) of his/her rights under the proposed class action settlement in _____ (language).
    Attorney signature: _____
    Attorney name: _____
    Date: _____
    Attorney telephone: _____
    Attorney address: _____

3

**You have the right to object to the settlement.**

Although you may waive your rights to seek relief under this Settlement Agreement, you cannot exclude yourself from the settlement. However, you can ask the Court to deny approval by filing an objection. If the Court denies approval, the lawsuits will continue. If that is what you want to happen, you must object. You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. All written objections and supporting papers must (a) clearly identify the following case names and numbers: *M.M.M. v. Sessions*, Case No. 3:18-cv-1832-DMS (S.D. Cal.) and *Ms. L. v. ICE*, Case No. 3:18-cv-428-DMS (S.D. Cal.), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Southern District of California, San Diego Courthouse, 333 West Broadway, San Diego, CA 92101, or by filing them in person at any location of the United States District Court for the Southern District of California, and (c) be filed or postmarked on or before November 2, 2018.

**When and where will the Court decide whether to approve the settlement?**

The Final Approval Hearing will be held on November 15, 2018, at 1:00 PM at Courtroom 13A, 13th Floor, Suite 1310, 333 West Broadway, San Diego, CA 92101, to determine the fairness, reasonableness, and adequacy of the proposed Settlement. The date may change without further notice to the class.

**Where can I get more information?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the attached Settlement Agreement, by contacting class counsel identified below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at *https://ecf.casd.uscourts.gov*, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of California, San Diego, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**

## Who represents the Classes?

***Proposed Class Counsel for Child Class:***
Justin W. Bernick
Zachary W. Best
T. Clark Weymouth
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (888) 365-1112
Fax: (202) 637-5910
MMMSettlementQuestions@hoganlovells.com

***Proposed Class Counsel for Parent Class (Parents in the United States):***
Wilson G. Barmeyer
John H. Fleming
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street NW, Suite 700
Washington, DC 20001
Telephone: (202) 220-8628
Fax: (202) 637-3593
parentsasylumclass@eversheds-sutherland.com

Sirine Shebaya
Johnathan Smith
MUSLIM ADVOCATES

Simon Y. Sandoval-Moshenberg
Sophia Gregg
LEGAL AID JUSTICE CENTER

***Proposed Counsel for Removed Parents:***
Lee Gelernt
Judy Rabinovitz
Anand Balakrishnan
Stephen Kang
Spencer Amdur
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
18th Floor
New York, NY 10004
Telephone: (212) 549-2660
Fax: (212) 549-2654
familyseparation@aclu.org

5