# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M.M., on behalf of his minor child, J.M.A., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Jefferson Beauregard Sessions, III, Attorney General of the United States, et al., <br><br> Defendant. | Case No. 3:18-cv-1832-DMS |
| Ms. L, et al., <br><br> Plaintiff, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement, et al., <br><br> Defendant. | Case No. 3:18-cv-428-DMS <br><br> **ORDER ON PLAINTIFFS' EMERGENCY MOTION TO REQUIRE IMPLEMENTATION OF SETTLEMENT AGREEMENT** |

This case comes before the Court on Plaintiffs' emergency motion to require implementation of the parties' settlement agreement. Defendants submitted an opposition to the motion, and Plaintiffs submitted a reply. The Court heard oral

argument on the motion during the October 16, 2018 status conference. Justin Bernick argued the motion for Plaintiffs, and Scott Stewart argued the motion for Defendants.

The settlement agreement at issue here was entered into by the parties after the Court granted a motion for a temporary restraining order ("TRO") filed by Plaintiffs in the *M.M.M.* case. That motion raised issues surrounding the asylum process for families that had been separated at the border. In the order granting that motion, the Court encouraged the parties to meet and confer on a possible solution for those issues, (*see* 18cv1832, ECF No. 55), and over the following month, the parties did exactly that.

While those negotiations were ongoing, counsel for Defendants emphasized to the Court and opposing counsel Defendants' interest in an expeditious process for approval of the settlement. (Rep. Tr. at 6-7, Sep. 18, 2018, ECF No. 234.) When asked by the Court whether the asylum procedures agreed to in the settlement could "start right away," defense counsel responded,

> our tentative view would be that I think that is appropriate and we could get moving on this. … my hope is with most – you know, as with other plans we have approved it consistent with our desire to move things expeditiously but orderly, we would want to just get moving. If it is a good plan, we should get moving.

(*Id.* at 9-10.) Defense counsel reiterated his interest in expeditious resolution of these issues at the subsequent status conference. (Rep. Tr. at 5-9, Sep. 21, 2018, ECF No. 240.)

Thereafter, Plaintiffs in these cases submitted an unopposed motion for preliminary approval of the parties' settlement agreement. Pursuant to paragraph 1.g. of the parties' agreement, the government is to provide notice of orientation for credible fear interviews or reviews to class members "no later than 3 days following the parent and/or child's execution of a document reflecting his or her decision

pursuant to paragraph 8" of the agreement.[1] (*Id.* at 35.) Paragraph 1.g. goes on to state, "[s]uch reviews and interviews will be conducted at least 48 hours after the orientation, with due consideration given to any reasonable requests to continue the interview." (*Id.*) The Court preliminarily approved the settlement on October 9, 2018. (*See* ECF No. 256.)

The following day, Plaintiffs filed the present motion. In the motion, and at oral argument, Plaintiffs' counsel explained that they had obtained forms executed by at least 60 class members who are currently in detention evidencing their election to proceed with the asylum process provided for in the settlement agreement, and that those forms had been provided to Defendants. Plaintiffs' counsel anticipated that upon receipt of those forms, Defendants would begin the asylum process for those individuals, but that did not happen. Instead, defense counsel informed Plaintiffs' counsel that Defendants would not begin the asylum process until the settlement was finally approved by the Court. Plaintiffs move the Court to order Defendants to begin the process now for those class members in detention that have elected to take advantage of the asylum procedures set out in the settlement agreement.

Notably, neither side cites any case law governing the issue raised here, which is whether a court may enforce a class action settlement prior to final approval. However, the issue may be resolved by reference to the parties' agreement. As stated above, the agreement provides that the government shall provide notice of the orientation for the credible fear review or interview "no later than 3 days following the parent and/or child's execution of a document reflecting his or her decision pursuant to paragraph 8" of the agreement, and that the actual review or interview "will be conducted at least 48 hours after the orientation, with due consideration given to any reasonable requests to continue the interview." (Mot. for Prelim.

---

[1] Paragraph 8 requires Plaintiffs' counsel to develop a process for obtaining waivers from class members who wish to waive the asylum procedures provided for in the settlement agreement and instead be removed to their country of origin. (Mot. for Prelim. Approval, Ex. 68 at 37, ECF No. 247.)

- 3 -

| | |
|---|---|
| 1 | Approval, Ex. 68 at 35, ECF No. 247.)  Unlike other paragraphs of the agreement, |
| 2 | (*see id.* at 35), the provision of notice and reviews and interviews under this |
| 3 | paragraph are not dependent on the Court's "approval" of the agreement.  Rather, |
| 4 | they are triggered by the class member's execution of the election form.  Those are |
| 5 | the plain terms of the agreement, and they are consistent with defense counsel's |
| 6 | repeated representations to the Court and Plaintiffs' counsel that Defendants wanted |
| 7 | to proceed expeditiously and "get moving on this." |

In their opposition to the present motion, Defendants assert it would be "gravely unfair" if they were forced to fully implement the settlement agreement before final approval. (Defs.' Opp'n to Mot. at 12, ECF No. 280.)  They specifically argue that forced, full-scale implementation "would give class members all of the benefits of the agreement with no guarantee that the government would, in turn, receive the central benefits of its bargain." (*Id.*)  However, Plaintiffs are not asking for full-scale implementation of the agreement right now.  Rather, they are asking Defendants to start the agreed-upon asylum process for the 60 or so class members that are currently in detention and have executed an election form.  As to these class members, Defendants will receive finality and resolution.  Plaintiffs' counsel confirmed as much at oral argument when he stated,

> If an individual gets the due process to which they are entitled under this agreement and they are found to not have an asylum case, then … those individuals could be removed.  They wouldn't get a second bite at the apple to relitigate the issue, they would be bound to the agreement.

(Rep. Tr. at 19, Oct. 16, 2018, ECF No. 285.)

Defendants also contend forced, full-scale implementation of the settlement agreement would be unfair given the possibility that class members may object to the settlement and final approval may be denied.  There is a theoretical possibility that class members may object to the settlement and that final approval may be denied.  However, at this point, there is no indication that will occur.  Indeed, the only

"objection" the Court has seen thus far is actually a request for inclusion in the settlement, not an objection to the merits of the agreement.

Finally, and contrary to Defendants' assertion at oral argument, there is no prejudice to Defendants in providing notice of the credible fear orientations or the actual credible fear reviews and interviews to the 60 or so class members that are currently in detention and have executed election forms. As Plaintiffs pointed out at oral argument, and as the Court indicated in its order granting the TRO in the *M.M.M.* case, Defendants have a statutory obligation to provide class members access to asylum procedures. Providing that access now as opposed to later does not prejudice Defendants.

For these reasons, the Court grants Plaintiffs' motion to require implementation of the parties' settlement agreement. Specifically, the Court orders Defendants to begin the asylum process provided for in the agreement to those class members that are in detention and have executed an election form.

**IT IS SO ORDERED**.

Dated: October 18, 2018

Hon. Dana M. Sabraw
United States District Judge