| | |
|---|---|
| BRETT SHUMATE<br>Acting Assistant Attorney General<br>WILLIAM C. SILVIS<br>Assistant Director<br>MICHAEL A. CELONE<br>Senior Litigation Counsel<br>DANIEL SCHUTRUM-BOWARD<br>Trial Attorney<br>General Litigation and Appeals Section<br>Office of Immigration Litigation<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 919-1670<br>Fax: (202) 305-7000<br><br>*Attorneys for Federal Respondents* | Erin M. Drenning (SBN: 249339)<br>HOGAN LOVELLS US LLP<br>555 13th Street, NW<br>Washington, DC 20004<br>Telephone: (202) 304-7375<br>Facsimile: (202) 637-5910<br>erin.drenning@hoganlovells.com<br><br>Justin W. Bernick (*Appearing Pro Hac Vice*)<br>HOGAN LOVELLS US LLP<br>555 13th Street, NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br>justin.bernick@hoganlovells.com<br><br>*Attorneys for M.M.M. Plaintiffs* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M.M., et al.,<br><br>   Petitioners-Plaintiffs,<br><br>vs.<br><br>JEFFERSON B. SESSIONS III, U.S. Attorney General, et al.,<br><br>   Respondents-Defendants. | Case No. 3:18-cv-1832-DMS<br><br>**JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT REGARDING ATTORNEYS' FEES AND COSTS** |

# NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT REGARDING ATTORNEYS' FEES AND COSTS

PLEASE TAKE NOTICE that the parties hereby move the Court for final approval of a settlement resolving Plaintiffs' claims for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $450,000.00.[1] This motion is made pursuant to 28 U.S.C. §§ 2412(a)(1), (b), and (d)(1)(A) and Federal Rules of Civil Procedure 23 and 54(d).

## INTRODUCTION

The parties respectfully seek the Court's final approval of their settlement concerning fees and costs. Defendants have agreed to pay, and Plaintiffs have agreed to accept, subject to the Court's final approval, $450,000.00 in satisfaction of Plaintiffs' claims for costs, attorneys' fees, and litigation expenses. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the parties respectfully move for the Court's final approval of this settlement regarding fees and costs ("Fees Settlement Agreement").

On February 13, 2025, the Court granted preliminary approval of the Fees Settlement Agreement, directed the parties to give notice to the Class, and set a deadline of March 15, 2025 for objections. ECF No. 171. No objections have been filed on the docket, and as of the date of this filing, the parties have not received any objections. In light of the lack of objections, and the reasonableness and fairness of the Fees Settlement

---

[1] Plaintiffs understand that absent an applicable exception, the fee award here is subject to being offset by debts owed by named Plaintiffs to any state or federal agency.

Agreement, the parties respectfully move for the Court's final approval of the Fees Settlement Agreement pursuant to Rule 23.

## BACKGROUND

The history of this case is set forth in numerous orders and filings in this case, including in the briefs filed in connection with the parties' request for preliminary and final approval of the combined 2018 settlement agreement in *Ms. L.* and *M.M.M.* ("Merits Settlement Agreement"). *See, e.g.*, ECF Nos. 75, 77, 95, 99. This background section will focus on the parties' fees negotiations.

On September 18, 2024, Plaintiffs filed their EAJA motion, along with their supporting billing records. ECF No. 155. Thereafter, the parties engaged in negotiations concerning Plaintiffs' EAJA motion. On December 16, 2024, the parties reached an agreement in principle, and, on December 17, 2024, Defendants so notified the Court. *See* ECF No. 163.

On February 7, 2025, the parties filed a Joint Motion for Preliminary Approval of the Fees Settlement Agreement, which the Court granted on February 13, 2025. ECF Nos. 170, 171. The Court set a deadline for objections of thirty (30) days after the date of its order, which was March 15, 2025. ECF No. 171.

Consistent with the parties' proposed notice plan, Plaintiffs posted the Fees Settlement Agreement and Class Notice on the Hogan Lovells LLP website by February 27, 2025, and that same day began distributing the Class Notice, in English and Spanish, to email lists and listservs of practitioners, legal service providers, and advocates who

work with separated families, immigrant children, and other noncitizens. Defendants posted the Class Notice on www.Together.gov by February 27, 2025. As of this date, the parties are not aware of any objections that have been filed or received by the Court or the parties.[2]

**ARGUMENT**

The Court should grant final approval of the Fees Settlement Agreement, as the amount, which was negotiated at arm's length, is reasonable, and the parties have received no objections to the Fees Settlement Agreement.

"In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Because the parties have agreed to an attorneys' fee and costs award, the Court's task is to determine whether the agreed-upon amount is reasonable, using the fees potentially awardable under the relevant fee-shifting statute or statutes as a benchmark. *See Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). Plaintiffs are eligible for attorneys' fees, costs, and expenses pursuant to the EAJA as a prevailing party, as discussed below. 28 U.S.C. § 2412.

---

[2] The Court also set a deadline for the parties to respond to any objections for the same day as the filing of the final approval motion. ECF No. 171 ¶ 7. The parties are not currently aware of any objections to the Fees Settlement Agreement, rendering any response unnecessary. Should the parties receive any late-arriving objections via mail or other methods, the parties will notify the Court.

### I. The Parties' Fees Settlement Agreement Is Reasonable.

Here, the agreed upon amount in fees and costs are reasonable when compared to a lodestar. "The lodestar method is most appropriate where the relief sought is primarily injunctive in nature, and a fee-shifting statute authorizes the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *Laguna v. Coverall N. Am., Inc.*, 753 F.3d 918, 924 (9th Cir. 2014), *vacated on other grounds*, 772 F.3d 608 (9th Cir. 2014) (citation and quotation marks omitted). A lodestar figure is "presumptively reasonable." *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (citation omitted).

Defendants have agreed to pay $450,000.00 in satisfaction of Plaintiffs' claims for costs, attorneys' fees, and litigation expenses, and Plaintiffs have agreed to accept this settlement. As detailed in the parties' Joint Motion for Preliminary Approval of the Fees Settlement Agreement, this figure is reasonable in light of the complexity of this fast-paced litigation, the results obtained, and the novelty of the issues presented. *See* ECF No. 170 at 3-6.

### II. The Parties' Fees Settlement Agreement Is the Product of Extended Arm's-Length Negotiations Between Well-Informed Counsel.

As the Joint Motion for Preliminary Approval of the Fees Settlement Agreement explains, the Fees Settlement Agreement is the product of extensive negotiation between counsel for both parties. *See* ECF No. 170 at 6-7. Further, the award of fees and costs will not affect the relief that the Merits Settlement Agreement affords an individual *M.M.M.* Class Member. Additionally, the experience of both *M.M.M.* Plaintiffs' counsel and

counsel for Defendants "provides further support for approval" of this Fees Settlement Agreement. *Chan v. Sutter Health Sacramento*, LA CV15-02004 JAK (AGRx), 2017 WL 819903, at *5 (C.D. Cal. Feb. 14, 2017).

### III. The Absence of Objections Further Supports Approval of the Fees Settlement.

The parties are not aware of any Class Member who has raised objections to the Fees Settlement Agreement. "The lack of objections to . . . Class Counsel's request for fees provides a compelling argument that the results obtained are meaningful to the Class and that Class members appreciate the Class Counsel's work achieving them." *Gutierrez v. Amplify Energy Corp.*, No. 821CV01628DOCJDEX, 2023 WL 3071198, at *4 (C.D. Cal. Apr. 24, 2023); *Harrison v. Bank of Am. Corp.*, No. 19-CV-00316-LB, 2021 WL 5507175, at *9 (N.D. Cal. Nov. 24, 2021) (approving class fee award due to, inter alia, "the lack of objections to the settlement"); *Ceron de Orozco v. Flagship Facility Servs., Inc.*, No. 18-CV-2397 JLS (JLB), 2020 WL 7426139, at *6 (S.D. Cal. Dec. 18, 2020) (approving class fee award in light of "the lack of objection from Defendant or the Settlement Class").

## CONCLUSION

For these reasons, the parties request that the Court grant final approval of the Fees Settlement Agreement.

DATED: March 20, 2025

Respectfully submitted,

BRETT SHUMATE
Acting Assistant Attorney General
WILLIAM C. SILVIS
Assistant Director
MICHAEL A. CELONE
Senior Litigation Counsel

*/s/ Daniel Schutrum-Boward*
DANIEL SCHUTRUM-BOWARD
Trial Attorney
General Litigation and Appeals Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 919-1670
Fax: (202) 305-7000
Email: Daniel.R.Schutrum-Boward@usdoj.gov

*Attorneys for Federal Respondents*

*/s/ Justin Bernick*
Justin Bernick (*pro hac vice*)
Erin Drenning
HOGAN LOVELLS US LLP
555 13th Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
erin.drenning@hoganlovells.com

*Attorneys for M.M.M. Plaintiffs*